# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8844 | **DATE** | 11/6/2012 |
| **CASE TITLE** | Owens vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Because pro se Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Court denies Plaintiff's motion to proceed in forma pauperis [4] and dismisses this lawsuit in its entirety. See 28 U.S.C. § 1915(e)(2)(B).

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On November 5, 2012, pro se Plaintiff John Owens filed the present Complaint against the City of Chicago. Owens also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). Because Owens' Complaint fails to state a claim upon which relief may be granted, the Court denies Owens motion to proceed in forma pauperis and dismisses this lawsuit in its entirety.

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Owens' financial status and review his Complaint's allegations to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if he is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)). In determining whether a complaint fails to state a claim, the Court takes all well-pleaded allegations as true and views them in a light most favorable to the plaintiff. *See Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). In addition, "a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.*

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Construing the pro se allegations liberally, *see Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012), Owens maintains that the City of Chicago conspired against him to deprive him of his clothing, money, and several luxury items. To establish that the City is liable, however, Owens must allege that an official policy or other governmental custom exists and is the moving force behind the deprivation of his constitutional rights. *See Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012). First, viewing Owens' allegations in a light most favorable to him, he has failed to allege a constitutional violation. *See Alexander v. McKinney,* 692 F.3d 553, 554 (7th Cir. 2012) (conspiracy complaint must identify a deprivation of a cognizable constitutional right). Second, Owens has failed to allege that the City of Chicago has an official policy or custom that is the moving force behind any such constitutional violation. *See Teesdale,* 690 F.3d at 833; *Rice v. Correctional Med. Serv.,* 675 F.3d 650, 675 (7th Cir. 2012). Accordingly, Owens has failed to state a claim upon which relief can be granted because he has not alleged a claim showing that he is entitled to relief. The Court therefore dismisses this lawsuit in its entirety.